**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDUARDO JUAREZ | : | |
| | : | |
| Plaintiff | : | |
| | : | Case No. 02-4739 |
| v. | : | |
| | : | |
| CERIDIAN LIFEWORK SERVICES | : | |
| | : | |
| CERIDIAN CORPORATION | : | |
| | : | |
| Defendants | : | |

**ANSWER AND AFFIRMATIVE DEFENSES
OF DEFENDANT TO PLAINTIFF'S COMPLAINT**

Defendant Ceridian Corporation ("Ceridian"), identified in the Complaint as both Ceridian Corporation and Ceridian Lifework Services, by and through its undersigned counsel, Reed Smith, LLP, hereby files the following Answer and Affirmative Defenses to the Complaint of Plaintiff, Eduardo Juarez.

**Jurisdiction and Venue**

1.      Ceridian admits only that in his action, Plaintiff purports to seek relief and damages pursuant to the Americans with Disabilities Act ("ADA") and the laws of the Commonwealth of Pennsylvania prohibiting discrimination in employment on the basis of a disability. Ceridian denies the remaining allegations set forth in paragraph 1 of Plaintiff's Complaint.

2.      Ceridian admits only that Plaintiff purports to invoke the jurisdiction of this Court pursuant to 29 U.S.C. § § 1331, 1337, 1367 and 29 U.S.C. § 626(c). Ceridian also admits only that Plaintiff purports that venue is proper in this Court pursuant to 28 U.S.C. § 1391(c). Ceridian denies the remaining allegations set forth in paragraph 2 of Plaintiff's Complaint.

## Parties

3.      Ceridian is without sufficient knowledge or information to admit or deny the allegations in paragraph 3, and therefore denies same.

4.      Admitted in part; denied in part. It is denied that Ceridian Lifework Services is a Delaware corporation. Rather, Ceridian Lifework Services is a division of Ceridian Corporation. It is admitted only that part of its operations include operating Call Centers to provide assistance to customer's employees, including a Call Center located at 3043 Walton Road, Suite 110, Plymouth Meeting, PA 19462.

5.      Admitted in part; denied in part. It is admitted that Ceridian Corporation is a Delaware Corporation with thousands of employees worldwide. The remaining allegations of paragraph 5 are denied. By way of further response, Ceridian Corporation's primary business is providing human resource outsourcing services to companies. Further, the correct address for Ceridian Corporation's headquarters is 3311 E. Old Shakopee Road, Minneapolis, Minnesota 55425.

6.    Denied.  Ceridian Lifework Services is a division of Ceridian Corporation. The remaining allegations of paragraph 6 are a conclusion of law to which no response is required.

### Statement of Claims

### Count I – Violation of Americans With Disabilities Act ("ADA")

7.    Ceridian is without sufficient knowledge or information to admit or deny the allegations in paragraph 7, and therefore denies same.

8.    Ceridian is without sufficient knowledge or information to admit or deny the allegations in paragraph 8, and therefore denies same.

9.    Ceridian admits only that the resume submitted to it by Plaintiff reflects that he received a Bachelor of Arts degree from Pennsylvania State University and a Master of Arts in Counseling Psychology from Beaver College. Ceridian is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 9, and therefore denies same.

10.    Ceridian admits only that the resume submitted to it by Plaintiff reflects that he was a counselor at the Moss Rehab Clubhouse. Ceridian is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 10, and therefore denies same.

11.     Ceridian admits only that, through a referral from McCallion Staffing Agency, Plaintiff began work for Ceridian as a temporary employee on or about August 6, 2001. The remaining allegations of paragraph 11 are denied.

12.     Denied.  Ceridian admits only that Plaintiff utilized a wheel chair and Ceridian was informed of such use by McCallion Staffing Agency prior to the start of Plaintiff's temporary assignment at Ceridian.

13.     Insofar as Plaintiff has failed to identify the individual who allegedly made such a statement, Ceridian is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 13 and therefore denies same.

14.     Denied. The primary purpose of a Consultant for LifeWorks Work Life Services is to provide a telephonic assessment, consultation, and identification of resources and referrals to users of the service who initiate contact by telephone, e-mail or fax, and have defined worklife issues.

15.     Denied.  Plaintiff's skills did not meet the standard requirements for the temporary position.

16.     Denied.

17.     Denied as stated.  Ceridian is without knowledge or information sufficient to form a belief as to the truth of the allegation in paragraph 17 that Plaintiff "did very well on

Microsoft Word portion of the exam." Ceridian admits only that Plaintiff did not meet the typing

and/or word processing skills requirement for the temporary job.

18.     Ceridian is without sufficient knowledge or information regarding the

alleged statements made by Plaintiff to Ms. Forbish, an employee of non-party McCallion

Staffing Agency, to admit or deny the allegations in paragraph 18, and therefore denies same.

19.     Ceridian is without sufficient knowledge or information regarding the

alleged statements made by Ms. Forbish, an employee of non-party McCallion Staffing Agency,

to admit or deny the allegations in paragraph 19, and therefore denies same. Ceridian admits

only that Plaintiff did not meet the typing and/or word processing skills requirement for the

temporary job.

20.     Denied as stated. Ceridian admits only that Plaintiff's temporary

employment was discontinued effective on or about August 17, 2001 because Plaintiff did not

meet the typing and/or word processing skills requirement for the temporary job.

21.     Denied. By way of further response, typing proficiently is an essential

function of the position.

22.     Ceridian is without sufficient knowledge or information regarding the

alleged statements made by non-party McCallion Staffing Agency to admit or deny the

allegations in paragraph 22, and therefore denies same. Ceridian admits only that Plaintiff's

temporary employment, as well as the temporary employment of two other temporary

employees, was discontinued because those temporary employees did not meet the typing and/or word processing skills requirement for the temporary job.

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied. The allegations in paragraph 27 present a conclusion of law to which no response is required.

28.    Ceridian is without sufficient knowledge or information regarding the testing procedures and conditions employed by non-party McCallion Staffing Agency and the alleged statements made by Plaintiff to the proctor from non-party McCallion Staffing Agency to admit or deny the allegations in paragraph 28, and therefore denies same.  By way of further response, Plaintiff never requested an accommodation from Ceridian.

29.    It is admitted only that Plaintiff filed a charge alleging disability discrimination with the Equal Employment Opportunity Commission ("EEOC") against Ceridian Performance Partners bearing Charge Number 170A200385.  Ceridian denies the remaining allegations set forth in paragraph 29.

30.    Admitted.

31.     Denied. The allegations in paragraph 31 present a conclusion of law to which no response is required.

WHEREFORE, Ceridian respectfully requests that judgment be entered in its favor and against Plaintiff, dismissing the Complaint in its entirety with prejudice and awarding Ceridian reasonable attorney's fees, costs, disbursements and granting such other relief as the Court may deem just and proper.

## Count II – Violation of the Pennsylvania Human Relations Act

32.     Ceridian incorporates by reference its responses contained in the preceding paragraphs as if fully set forth herein.

33.     Denied.  Ceridian did not "expel" Plaintiff "from employment as a result" of his alleged disability. Rather, Plaintiff's temporary employment was discontinued because he did not meet the typing and/or word processing skills requirement for the temporary job.

34.     Denied. The allegations in paragraph 34 present a conclusion of law to which no response is required.

35.     Denied. Ceridian denies that it engaged in any "unlawful disability discrimination" and accordingly denies that it was the cause of such alleged damages suffered by Plaintiff.

WHEREFORE, Ceridian respectfully requests that judgment be entered in its favor and against Plaintiff, dismissing the Complaint in its entirety with prejudice and awarding Ceridian reasonable attorney's fees, costs, disbursements and granting such other relief as the Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff fails to state a claim against Ceridian upon which the relief requested by Plaintiff can be granted.

### Second Affirmative Defense

Any claims by Plaintiff based on conduct or actions allegedly occurring more than 300 days before the filing with the Equal Employment Opportunity Commission ("EEOC") of any charge relating thereto are barred as untimely.

### Third Affirmative Defense

All claims by Plaintiff based on conduct or actions allegedly occurring more than 180 days before the filing with the Pennsylvania Human Relations Commission ("PHRC") of any charge relating thereto are barred as untimely.

**<u>Fourth Affirmative Defense</u>**

The allegations of the Complaint are barred to the extent that they purport to encompass matters not within the scope of the charge filed by Plaintiff with the PHRC or EEOC.

**<u>Fifth Affirmative Defense</u>**

Plaintiff's claims are barred, in whole or in part, due to his failure to exhaust all administrative remedies.

**<u>Sixth Affirmative Defense</u>**

This Court does not have subject matter jurisdiction over all or part of Plaintiff's claims against Ceridian.

**<u>Seventh Affirmative Defense</u>**

Any actions taken by Ceridian, its representatives, agents and employees with respect to Plaintiff were made in good faith and without any malice and without any intent to injure or harm Plaintiff.

**<u>Eighth Affirmative Defense</u>**

Plaintiff did not have a valid contract of employment with Ceridian and therefore, Plaintiff's temporary employment with Ceridian was terminable at-will for any or no reason and with or without notice.

### Ninth Affirmative Defense

Any claims by Plaintiff for personal injury are barred by the exclusivity provisions of the Pennsylvania Workers Compensation Act as amended 77 P.S. § 481.

### Tenth Affirmative Defense

Nothing that Ceridian did or failed to do was the proximate cause of any injury, loss or damage to Plaintiff.

### Eleventh Affirmative Defense

Plaintiff has failed to mitigate his damages and to the extent of such failure to mitigate, any damages awarded to Plaintiff should be reduced accordingly.

### Twelfth Affirmative Defense

In the event that additional evidence relevant to Plaintiff's separation from temporary employment is uncovered during the course of discovery, all or part of Plaintiff's claims are or may be barred by the doctrine of after-acquired evidence. Accordingly, Ceridian reserves the right to rely on such after acquired evidence.

### Thirteenth Affirmative Defense

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which attorney's fees, costs, liquidated damages or any damages may be awarded.

### Fourteenth Affirmative Defense

To the extent that Plaintiff's claims relate to any employee benefit plan of Ceridian, such claims are preempted by the Employee Retirement Security Act ("ERISA").

### Fifteenth Affirmative Defense

In its dealing with Plaintiff, Ceridian followed its normal operating procedures.

### Sixteenth Affirmative Defense

Any actions taken by Ceridian, its representatives and employees with respect to Plaintiff, were non discriminatory, taken in good faith, and were not in violation of any federal or state statute, regulation, rule or ordinance prohibiting discrimination based on handicap or disability or any other protected category. Accordingly, Plaintiff is barred from recovery in this action.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because any loss or damage incurred by Plaintiff was a consequence of acts or omissions by Plaintiff or by others not parties to this litigation.

### Eighteenth Affirmative Defense

Plaintiff did not suffer an adverse employment action because of his alleged disability.

### Nineteenth Affirmative Defense

Plaintiff is not a qualified individual with a disability under the ADA or PHRA.

### Twentieth Affirmative Defense

Plaintiff could not perform the essential functions of the temporary job at Ceridian.

### Twenty First Affirmative Defense

Plaintiff did not request an accommodation from Ceridian and there were no reasonable accommodations that could have been made.

WHEREFORE, Ceridian respectfully requests that judgment be entered in its favor and against Plaintiff, dismissing the Complaint in its entirety with prejudice and awarding Ceridian reasonable attorney's fees, costs, disbursements and granting such other relief as the Court may deem just and proper.

Respectfully submitted,

_____

Carolyn P. Short
Identification No. 38199
Erin M. O'Neill
Identification No. 82372
**REED SMITH, LLP**
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103

Attorney for Defendant,
Ceridian Corporation, identified in the
Complaint as Ceridian Corporation and Ceridian
Lifework Services

Dated: September 4, 2002

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies she served a copy of the foregoing Answer and Affirmative Defenses of Defendant to Plaintiff's Complaint upon the following counsel of record via United States, first class mail, postage prepaid, this 4th day of September, 2002:

> Alfred J. Falcione, Esquire
> Grady & Falcione, LLP
> 225 S. 15th Street, Suite 200
> Philadelphia, PA  19102

_____

Erin M. O'Neill